Filed 9/9/21  P. v. Blount CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B309623 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA174239) |
| v. | |
| PAMELA YVETTE BLOUNT, | |
| Defendant and Appellant. | |

THE COURT:

Pamela Yvette Blount (defendant) appeals the trial court's denial of her motion for relief under Penal Code section 1170.95.[1] Defendant's attorney filed a brief raising no issues and asked this

---

[1]  All further statutory references are to the Penal Code.

court to independently review the record. Having conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95. We accordingly affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts[2]

#### A. *The underlying crime*

One evening in September 1998, defendant pursued Jerry Hunter into an alley and, after he fell to the ground, defendant stabbed him in the back and chest while proclaiming, "I hate you, Jerry." During an interview with police, defendant explained that she stabbed Jerry in self-defense, but recalled that she had also previously stabbed a former live-in lover.

#### B. *Conviction and appeal*

At defendant's trial in July 1999, "the act of stabbing was conceded, but whether it was an offensive or defensive act was undetermined." The jury convicted defendant of second degree murder for the killing of Jerry (§ 187, subd. (a)), and she was sentenced to 15 years to life.

We affirmed the judgment in an unpublished opinion.

### II. Procedural Background

On January 23, 2020, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes for the allegations that (1) the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences theory," (2)

---

[2] We largely draw these facts from our prior, unpublished opinion affirming defendant's conviction. (*People v. Blount* (Aug. 14, 2000, B134616).)

2

she was "convicted of [second] degree murder under the natural and probable consequences doctrine or under the . . . felony murder doctrine," and (3) it was determined that she "was not a major participant and/or did not act with reckless indifference to human life."  The People filed a response, and defendant's court-appointed counsel filed a reply in support of the petition.

After reviewing the available record of conviction, the trial court denied defendant's petition in a Memorandum of Decision issued on November 16, 2020.  The court found that defendant did not make a prima facie showing because she "was not convicted on a theory of felony murder or under the natural and probable consequences doctrine"; rather, defendant "was the actual killer" and therefore "is ineligible for relief [under section 1170.95] as a matter of law."

Defendant filed this timely appeal.

## DISCUSSION

Defendant's appointed counsel filed an "Opening Brief" in which no arguable issues are raised, and asked this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Because defendant appeals from an order denying postconviction relief and because defendant did not avail herself of the right to file a supplemental brief, we may properly dismiss this appeal as abandoned.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.)   However, because the Supreme Court has granted review of *Cole* and is also reviewing the question of what procedures this court must follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305), we will accept counsel's invitation to conduct a

3

*Wende* review of defendant's appeal in an abundance of caution rather than dismiss the appeal as abandoned.

Having conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95.

A person is entitled to relief under section 1170.95 if, as a threshold matter, (1) "[a] complaint, information, or indictment was filed against [her] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) she "was convicted of . . . second degree murder following a trial," and (3) she "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if she "was the actual killer." (§ 189, subd. (e)(1).)

Although defendant in her petition alleged each element necessary to make a prima facie case for relief under section 1170.95, the trial court is not required to accept those allegations at face value and may also examine the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972 (*Lewis*).) If the record of conviction "'contain[s] facts refuting the allegations made in the petition,'" then the trial court may summarily reject the petition's allegations without conducting an evidentiary hearing. (*Id.* at p. 971, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 979.)

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that she is not eligible

4

for relief. Defendant was not charged with or convicted of felony murder or murder under the natural and probable consequences doctrine: No underlying felony (such as robbery) was underway when the killing occurred and the trial court did not instruct the jury on either theory. Rather, defendant's conviction was based on her being the "actual killer" and the jury's rejection of her self-defense defense. She is hence ineligible for relief under section 1170.95. (E.g., *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 910, review granted Aug. 12, 2020, S263219, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at pp. 316-317.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____

LUI, P.J.,          CHAVEZ, J.,          HOFFSTADT, J.